## Dalimonte Rueb Litig. Group, L.L.P. v Lasorsa

2024 NY Slip Op 32521(U)

July 22, 2024

Supreme Court, New York County

Docket Number: Index No. 653455/2023

Judge: Andrew Borrok

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

---------------------------------------------------------------------------------X

DALIMONTE RUEB LITIGATION GROUP, L.L.P.,
GREGORY D. RUEB

|  | |
|---|---|
| **INDEX NO.** | 653455/2023 |

Plaintiff,

| | |
|---|---|
| **MOTION DATE** | 07/17/2023 |

- v -

| | |
|---|---|
| **MOTION SEQ. NO.** | 001 |

RONALD S. LASORSA,

Defendant.

**DECISION + ORDER ON MOTION**

---------------------------------------------------------------------------------X

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 7, 10
were read on this motion to/for             CONFIRM/DISAPPROVE AWARD/REPORT                .

Upon the foregoing documents, the petition to confirm the Partial Final Award (hereinafter

defined) and the Final Award (hereinafter defined) is granted as unopposed and without

opposition pursuant to CPLR § 7510 (*Matter of Bornstein v Steinberg*, 175 AD3d 605, 606 [2d

Dept 2019]; *Matter of Granet & Assoc, Inc. v Thom Filicia, Inc.*, 159 AD3d 573, 573 [1st Dept

2018]).

CPLR § 7510 provides:

> [t]he court shall confirm an award upon application of a party made within one year after
> its delivery to them, unless the award is vacated or modified upon a ground specified in
> section seventy-five hundred eleven of this article.

CPLR 7511 provides:

> (a) When application made.  An application to vacate or modify an award may be made
> by a party within ninety days after its delivery to him.

**653455/2023   DALIMONTE RUEB LITIGATION GROUP, L.L.P. ET AL vs. LASORSA, RONALD S.**          **Page 1 of 4**
**Motion No.  001**

1 of 4

(b) (i) corruption, fraud or misconduct in procuring the award; or (ii) partiality of an arbitrator appointed as a neutral, except where the award was by confession; or (iii) an arbitrator, or agency or person making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made; or (iv) failure to follow the procedure of this article, unless the party applying to vacate the award continued with the arbitration with notice of the defect and without objection.

Reference is made to a Settlement Agreement (the **Agreement**; NYSCEF Doc. No. 4), dated March 19, 2019, by and among Trident Legal Services, LLC, Ron Lasorsa (**Mr. Lasorsa**), Justinian & Associates, LLC, Dalimonte Rueb Litigation Group, LLP (**DRLG**), and Gary Podell, Howard Berger, Greg Goldberg, John A. Dalimonte and Gregory D. Rueb (**Mr. Rueb**). Pursuant to Sections 9 and 10 of the Agreement, the parties agreed that the Agreement and its contents would be kept confidential and that they would not disparage one another. Pursuant to Section 8 the parties agreed that disputes arising under the Agreement would be settled by binding arbitration. There came a time when a dispute arose between the parties as to whether Mr. Lasorsa violated the Agreement by making certain false oral and written statements accusing DRLG Parties and Beneficiaries of illegal and unethical conduct including filing complaints against certain DRLG Parties and Beneficiaries with the California, Arizona, and New York bar associations (NYSCEF Doc. No. 2 ¶ 10). None of the complaints filed with the bar association are before this Court and comment as to those comments is inappropriate by this Court.

In response, in December 2022, Mr. Rueb and DRLG invoked the arbitration provision and initiated an arbitration seeking injunctive relief and $500,000 in liquidated damages, along with interest and attorneys' fees (*Id.*, 11-12). On December 9, 2022, an emergency arbitrator imposed a Temporary Restraining Order on Mr. Lasorsa and later issued a Preliminary Injunction prohibited Mr. Lasorsa from publishing any disparaging comments, to immediately take down

**653455/2023   DALIMONTE RUEB LITIGATION GROUP, L.L.P. ET AL vs. LASORSA, RONALD S.**   **Page 2 of 4**
**Motion No.  001**

2 of 4

[* 2]

any posted comments that disparage, and to cease pursuing the bar association complaints (*Id.*, 15).

On January 31, 2023, Daniel A. Schnapp (the **Arbitrator**) was appointed as sole arbitrator (*Id.*, 20). The Arbitrator held a hearing and issued the Partial Final Award (NYSCEF Doc. No. 2) awarding Mr. Rueb and DRLG $500,000 in liquidated damages, plus 18% per annum interest, and ordered a Permanent Injunction against Mr. Lasorsa (*Id.*, § V(1, 4)). On June 20, 2023, the Arbitrator issued the Final Award (NYSCEF Doc. No. 3), which ordered Mr. Lasorsa to pay the $500,000 of liquidated damages, $47,589.04 in pre-award interest, and $59,751.18 in attorneys' fees (*Id.* ¶¶ 2-4).

Subsequently, Mr. Rueb and DRLG brought this Petition on July 17, 2023 to confirm both the Partial Final Award of the Arbitrator (the **Partial Final Award;** NYSCEF Doc. No. 2) and the Final Award of the Arbitrator (the **Final Award;** NYSCEF Doc. No. 3) rendered by an arbitrator on June 1, 2023, in favor of Mr. Rueb and DRLG against Mr. Lasorsa.

Inasmuch as the Petition was brought within one year of the time the Partial Final Award and the Final Award were made, and none of the grounds set forth in the CPLR § 7511 are alleged to have been present, the Petition is GRANTED as unopposed and without opposition.

Accordingly, it is hereby

ORDERED that the petitioner shall serve judgment.

**653455/2023   DALIMONTE RUEB LITIGATION GROUP, L.L.P. ET AL vs. LASORSA, RONALD S.**          **Page 3 of 4**
**Motion No.  001**

3 of 4

20240722112119AB0RR0K6779216D1D044E57AB2DD4AC7D85E30D

_____
7/22/2024
**DATE**

_____
**ANDREW BORROK, J.S.C.**

CHECK ONE:

| | | | | |
|---|---|---|---|---|
| [X] CASE DISPOSED | | [ ] NON-FINAL DISPOSITION | | |
| [X] GRANTED | [ ] DENIED | [ ] GRANTED IN PART | [ ] OTHER | |

APPLICATION:    [ ] SETTLE ORDER      [X] SUBMIT ORDER

CHECK IF APPROPRIATE:    [ ] INCLUDES TRANSFER/REASSIGN      [ ] FIDUCIARY APPOINTMENT      [ ] REFERENCE

653455/2023    DALIMONTE RUEB LITIGATION GROUP, L.L.P. ET AL vs. LASORSA, RONALD S.      Page 4 of 4
Motion No. 001

4 of 4